UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED
SEP 14 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| MICHAEL CURTIS JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  20-2447 (UNA) |
| ) | |
| ) | |
| D.C. DEPARTMENT OF ) | |
| BEHAVIORAL SERVICES, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's Complaint filed *pro se* and his application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief;" and "(3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res*

1

*judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). It also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff has sued the District of Columbia Department of Behavioral Health, which "is a *non sui juris entity* [of the District of Columbia] that cannot be sued in its own name." *Bynum v. District of Columbia*, 424 F. Supp. 3d 122, 128 (D.D.C. 2020) (citing D.C. Code § 7-1141.02(a)); *cf. Lewis v. D.C. Police Dep't*, --- Fed. App'x. ----, 2018 WL 1896537 (D.C. Cir. Apr. 3, 2018) (per curiam) ("The district court correctly concluded that appellees Metropolitan Police Department, Department of Corrections, and Office of Behavioral Health are non sui juris.") (citation omitted)). The Complaint provides no notice of a claim against the District of Columbia to consider substitution. Nor does it adequately plead a basis for federal court jurisdiction and include a demand for relief.

Plaintiff mentions due process, *see* Compl. at 6-8, but his allegations, to the extent intelligible, concern guardianship proceedings in the Superior Court of the District of Columbia. *See In re Uwazih*, 822 A.2d 1074, 1074-75 (D.C. 2003) (holding "that the guardianship provisions of the District of Columbia Guardianship, Protective Proceedings, and Durable Power of Attorney Act, D.C. Code § 21–2001 *et seq*. (2001) confer jurisdiction on the Superior Court if the incapacitated person for whom guardianship is sought . . . is physically present in the District of Columbia."). Plaintiff alleges that he holds "legal power of attorney for his brother," a mental health patient, and is his brother's appointed guardian. Compl. at 2 ¶ 1. To the extent that plaintiff seeks review of the Superior Court proceedings, this federal district court "lack[s] jurisdiction to review judicial decisions by state and District of Columbia courts." *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) ( (citations and internal quotation marks omitted)); *see United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C.

2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).  Therefore, this case will be dismissed.  A separate order accompanies this Memorandum Opinion.

_____s/_____
RUDOLPH CONTRERAS
United States District Judge

Date:  September 14, 2020